**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Donna J. White,**
**Plaintiff Below, Petitioner**

**FILED**

**June 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**v.) No. 12-1427 (Kanawha County 11-C-982)**

**National Church Residence and National Church**
**Residences Elderly of Montgomery, WV, Inc. d/b/a/**
**Rivermont Presbyterian Homes, Defendants Below,**
**Respondent**

**MEMORANDUM DECISION**

This case is before the Court upon appeal of the Petitioner, Donna J. White, *pro se*, from the November 14, 2012 order of the Kanawha County Circuit Court granting summary judgment in favor of the respondent, National Church Residence and National Church Residences Elderly of Montgomery, WV, Inc. d/b/a/ Rivermont Presbyterian Homes.[1] The Respondent, by counsel Daniel R. Schuda, filed a response brief to which the Petitioner filed a reply brief.

Having carefully reviewed the record, the parties' briefs and arguments, the applicable precedent and pertinent authorities, and applying the relevant standard of review, we affirm the circuit court's order. Moreover, the Court finds that this case presents no new or significant questions of law, and this case is proper for disposition through a memorandum decision as contemplated under Rule 21 of the West Virginia Rules of Appellate Procedure.

In this case the Petitioner makes several claims of personal injury related to her living in a residence at apartment 407, Rivermont Presbyterian Homes, located in Kanawha County, Montgomery, West Virginia. She also makes assertions that the Respondent discriminated against her by failing to move her to another apartment after she claimed to discover mold in her apartment and that the failure to move her to another apartment caused her to have to move out of Rivermont, causing her additional expenses. She claims to have suffered from stress, pain, suffering and humiliation. She makes claims of being slandered by the management, and that the management acted as it did in a "personal vendetta" against her. Allegations of fraud were raised as well.

By order entered November 14, 2012, the circuit court granted the Respondent's motion for summary judgment. Although the Petitioner did not file a written response to the motion for summary judgment, deference was afforded her at the hearing held on the motion on November 8, 2012, and she was permitted to make oral presentation. The Petitioner presented no expert testimony in support of her claims.

---

[1] In accordance with Canon 3.C. of the West Virginia Code of Judicial Conduct, all necessary measures were taken by the Court and the Court staff to insure that consideration of this case was conducted in a manner free from conflict, bias, or prejudice.

Under Rule 56 (c) of the West Virginia Rules of Civil Procedure, a motion for summary judgment may be granted if the moving party shows that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. The Plaintiff then has the burden of producing significant probative evidence tending to support the complaint. *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

This Court has previously held that a circuit court's order granting a motion for summary judgment is reviewed *de novo*. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

West Virginia Code §55-2-12 provides that: "[E]very personal action for which the limitation is otherwise prescribed shall be brought… (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries."

The Petitioner was aware of the existence of mold in the apartment at least by September 26, 2008. Her residence at Rivermont Presbyterian Homes ended on October 6, 2008, when she moved out. She did not file suit until June 14, 2011. Any claims for personal injury are therefore time barred by the applicable statutes of limitation. In addition, the only expert testimony of record was the Petitioner's treating physician, who by way of affidavit states that there is no causal connection between the Petitioner's alleged exposure to mold and her medical complaints. The Petitioner presented no admissible expert testimony of a causal relationship between her medical conditions and any exposure to mold from her residence at Rivermont Presbyterian Homes.

The Petitioner's claim for slander is subject to the one year statute of limitations. The Petitioner's claim for slander is likewise barred by the applicable statute of limitations contained in West Virginia Code §55-2-12 and §55-7-8a. Finally, the Petitioner's claims of fraud do not survive the test of Rule 9(b) of the West Virginia Rules of Civil Procedure which require that "in all averments of fraud or mistake, the circumstances of fraud or mistake shall be stated with particularity."

Summary judgment based upon the applicable statutes of limitations was proper as determined by the circuit court. The Petitioner's claims are time barred. In addition, because of the petitioner's failure to present any admissible evidence tending to support her claims, summary judgment was proper as to the absence of the presence of mold infestation at her residence, as well as the absence of injuries or damages claimed by Petitioner being related to any mold exposure at her residence. Moreover, the remainder of the Petitioner's argument is without merit.

Upon our review of the evidence presented, the Court finds that the circuit court properly granted summary judgment in favor of the Respondent. For the foregoing reasons, we affirm the order of the Circuit Court of Kanawha County granting the Respondent's motion for summary judgment.

Affirmed.

**Issued:** June 24, 2013

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**